UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicholas R Major, | Case No.: 0:24-cv-01897-ECT-DJF |
| Plaintiff, | |
| v. | **DEFENDANT HALLIDAY WATKINS & MANN, P.C.'S OPPOSITION BRIEF TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |
| Halliday Watkins & Mann, P.C. and Connexus Credit Union f/k/a Endura Financial Credit Union, | |
| Defendants. | |

**INTRODUCTION**

Defendant Halliday Watkins & Mann, P.C. (hereinafter "**HWM**") submits this opposition to Plaintiff Nicholas R Major's (hereinafter "**Mr. Major**") motion for attorney's fees[1]. HWM attempted to quickly and reasonably resolve Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. § 1692 et seq., claims related to three letters it mailed to Mr. Major on behalf of Defendant Connexus Credit Union f/k/a Endura Financial Credit Union (hereinafter "**Connexus**") that may have constituted technical violations of the FDCPA. Because Mr. Major's $65,000.00 settlement demand to HWM was unreasonable, HWM relied upon Rule 68 of the Federal Rules of Civil Procedure to settle any and all damages for $3,000.00. Now, after HWM acted reasonably to avoid the unnecessary time and

---

[1] HWM does have a limited objection to Mr. Major's costs. HWM agrees to the costs for the filing fee and service costs on HWM, but not the costs directly related to Connexus, including title searches and fees, letters to other parties and service of process costs on Connexus.

1

expense of this matter for the Court and parties, Mr. Major continues his unreasonable perspectives on <u>straightforward</u> FDCPA litigation and entitlement to <u>reasonable</u> attorney's fees seeking $46,163.50 in attorney fees after claiming attorney fees of $29,505.00 at the time the Rule 68 offer was accepted. Mr. Major's attorney's fees must be appropriately limited as a matter of law and under the lodestar analysis.

## **BRIEF BACKGROUND**

Before getting into a lodestar analysis, it is important to accurately reflect the background of this case. This was a straightforward potential technical violation FDCPA case and nothing more. HWM sent three letters that may have contained one or more errors. (*See, e.g.* Compl. ¶¶ 73-83, Ex. 3-5).

Separate and apart from those possible technical violations, the Connexus mortgage continues to exist as a lien on the property at issue – Mr. Major's home. Mr. Major's contentions that the mortgage was paid off, no longer exists and/or was a lien that cannot be enforced have not been resolved. By extension, HWM's letters regarding such mortgage therefore cannot be characterized as "abusive" and nothing has been "vindicated" with respect to the Connexus mortgage. Counsel for Mr. Major's attempts to clarify and address that mortgage remains outstanding and has not been resolved.

Next, HWM did not drive up the cost. Instead, as the Court would expect it to do, it immediately attempted to resolve this matter. On June 25, 2024, HWM requested a settlement demand for HWM to settle short of a global resolution. (Goerlitz Decl. ¶ 4, Ex. 1, p. 13). Then, on July 8, 2024, Mr. Major made an individual settlement demand upon

HWM seeking $65,000 for damages and attorney's fees, including alleged "emotional distress". (*Id*. at p. 10). HWM responded with a Rule 68 Offer for $3,000.00 that included all damages – statutory and actual (i.e. included the alleged emotional distress damages). (*Id*. at pp. 9-10; Docket No. 29-2). Mr. Major accepted the Rule 68 Offer, (Docket No. 29 (dated July 24, 2024)), and then voluntarily dismissed Connexus without prejudice. (Docket Nos. 25 (dated July 29, 2024)).

No Rule 26(f) Report was done. (*See, e.g*., docket). No pre-trial scheduling conference occurred. (*See, e.g., id*). There was no discovery. (*See, e.g., id*). There was no motion practice. (*See, e.g., id*).

Third, regarding the matter of attorney's fees, on July 24, 2024, Mr. Major demanded $30,378.06 for its <u>total</u> attorney's fees and costs. (Goerlitz Decl. ¶ 4, Ex. 1, p. 8). On its face, and only sixteen days prior, Mr. Major had demanded $65,000.00. (C*ompare id*. at p. 10 *with id*. at p. 8). Based upon the total attorney's fees and costs, the original settlement demand included approximately $35,000.00 for actual and statutory damages. (*See, e.g. id.*) Those are the same damages Mr. Major then subsequently accepted as being limited to $3,000.00. (*Compare id*. at p. 8 *with* Docket No. 29).

The importance of this cannot be lost. Why? Mr. Major's issue with the Connexus mortgage <u>remains</u>. It is still an outstanding mortgage lien against his property. He chose not to amend his complaint against Connexus and instead dismissed his claim without prejudice. (*See* Docket No. 25). The only thing settled and resolved were FDCPA claims involving three letters HWM sent, which amount to straightforward potential technical

violations of the FDCPA.

Because this was a straightforward technical violation FDCPA case settled at the pleading stage, HWM made a second Rule 68 Offer of $5,000.00 to address the excessive fees being sought by Mr. Major. (Goerlitz Decl. ¶ 4, Ex. 1, pp. 5-8). Mr. Major never reduced his attorney fee demand. (*See, e.g. id.*) When counsel met and conferred on August 12, 2024, counsel for Mr. Major agreed to provide its detailed billing records and other information to support its fees. (*See id.* at pp. 1-2). Counsel agreed to continue discussions regarding fees. (*See, e.g. id.*)

Then, Mr. Major did not provide its billing records, filed this motion and increased his $29,505.00 in total attorney's fees to $46,163.50. (*See, e.g. id*; Docket Nos. 32-41). That is an increase of $16,658.50 – one hundred fifty-six percent. Counsel for Mr. Major had law clerk Sydney Maglio spend 16.2 hours totaling $2,349.00 and Attorney Carl Christensen spend 11 hours totaling $6,050.00 on the motion. (*See* Docket No. 40).

A thirty-six-page brief is not necessary. The details of an attorney fee petition exist in the detailed billing entries, which counsel for Mr. Major provided. (Docket Nos. 35 and 40). The background Mr. Major attempts to inject into the motion is not proper. (*See* Docket No. 36). Counsel for HWM just sought a lodestar fee award in state court and spent 1.6 hours ($544.00 in attorney's fees) to draft the motion for attorney's fees. (Goerlitz Decl. ¶ 5, Ex. 2). Again, why? Counsel has an obligation to efficiently handle cases. *See, e.g.* Minn. R. Prof. C. 1.5(i). Increasing fees $16,658.50 – one hundred fifty-six percent – (whereas HWM's attorney fee motion increased fees $544.00 and one hundred eleven percent) is not

4

efficient handling of this case. As set forth below, the Court should properly limit Mr. Major's attorney fee award.

## ARGUMENT

### I. MR. MAJOR HAS NOT ESTABLISHED A REASONABLE HOURLY RATE AND A REASONABLE NUMBER OF HOURS FOR A TECHNICAL VIOLATION FDCPA CASE SETTLED AT THE PLEADING STAGE.

In analyzing Mr. Major's attorney fee motion, this Court must conduct a lodestar analysis. He seeks attorney's fees of $46,163.50 based upon 114.33 hours and various hourly rates incurred by attorneys, law clerks and administrative staff. As this Court is aware, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole." *Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997). Other factors courts consider in determining reasonableness of fees include: (1) the time and labor required; (2) the novelty or difficulty of the issues; (3) the skill required of the attorney to properly perform legal services; (4) preclusion of other employment due to acceptance of the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the experience, reputation, and ability of the attorney; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *Westendorp v. Indep. Sch. Dist. No. 273*, 131 F.Supp.2d 1121, 1125 (D.Minn. 2000) (*citing Zoll v. E.*

*Allamakee Cmty. Sch. Dist.*, 588 F.2d 246, 252 n. 11 (8th Cir. 1978)). As outlined below, both the lodestar rates and number of hours are excessive and should be reduced by the Court.

### A. MR. MAJOR HAS NOT HAD SUBSTANTIAL SUCCESS.

As previously noted, "[t]he most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole." *Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997). Here, at best, Mr. Major has only had nominal success.

On July 8, 2024, he claimed damages totaling $65,000.00 for HWM only, which included approximately $35,000.00 in statutory damages and actual damages. He then settled his statutory and actual damages claim for $3,000 – eight percent of his alleged damages.

And, importantly, Mr. Major has still not addressed or resolved the Connexus mortgage. It remains a mortgage lien against the property. The claims against Connexus were dismissed without prejudice.

In total, Mr. Major has had limited success resolving the possible technical FDCPA violations and not the Connexus mortgage. Thus, any attorney fee award should be appropriately limited by his limited success.

### B. MR. MAJOR HAS NOT SATISFIED HIS BURDEN.

Mr. Major "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *See Hensley*, 461 U.S. at 437, 103 S.Ct. 1933. Because incomplete or imprecise billing records may prevent a district

court from meaningfully reviewing a request for excessive, redundant or otherwise unnecessary hours, "[i]nadequate documentation may warrant a reduced fee." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991). If attorney billing records do not provide sufficient details to precisely eliminate only redundant or otherwise excessive hours expended, a percentage-based reduction in the requested attorneys' fees amount may be appropriate. *See Miller v. Woodharbor Molding & Millworks, Inc.*, 174 F.3d 948, 949–50 (8th Cir. 1999); *accord Orduno v. Pietrzak*, 932 F.3d 710, 720 (8th Cir. 2019) (affirming percentage-based reduction in requested attorneys' fees because the requested amount was excessive). A district court "need not, and indeed should not," scrutinize each billing entry of an attorney who is seeking a fees award, because the "essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Here, a review of the billing records makes it difficult to determine what fees applied to HWM versus addressing the outstanding mortgage with Connexus (that remains at issue). No attempt has been made to separate or clarify those fees for the Court or HWM. Instead, everything was included together as HWM's obligation. A reasonable argument exists that doing so does not satisfy one's burden of establishing a fee award. *See Hensley*, 461 U.S. at 437, 103 S.Ct. 1933; *see also H.J. Inc.*, 925 F.2d 257 at 260. However, at a minimum, the Court should strongly consider a percentage-based reduction.

In a recent decision *Beckler v. Rent Recovery Sols., LLC*, 21-CV-2680 (WMW/DTS), 2022 WL 17689842 (D. Minn. Dec. 15, 2022), *aff'd*, 83 F.4th 693 (8th Cir.

7

2023), the court states:

> "In the majority of FDCPA actions filed in this District, a plaintiff notifies an attorney of a technical violation of federal law by a debt collector, the attorney files suit using a cookie-cutter complaint, there is no real dispute about the facts or the law, and the case settles before the debt collector incurs substantial defense costs." *Midwest Disability Initiative v. Nelmatt, LLC*, 344 F. Supp. 3d 1047, 1052 (D. Minn. 2018) (collecting cases). Indeed, Beckler's 12-page complaint asserts few facts and only one legal claim. In similar FDCPA lawsuits, when the plaintiff has prevailed at the pleading stage based on an accepted Rule 68 offer of judgment or default judgment, judges in this District have approved reasonable attorneys' fees based on an expenditure of 22 hours or fewer. *See, e.g., Nathanson*, 2019 WL 4387960, at *4 (approving as reasonable 16.4 hours expended); Meidal, 2018 WL 4489693, at *2 (approving as reasonable 16.3 hours expended); *Goetze v. CRA Collections, Inc.*, No. 15-3169 (MJD/FLN), 2017 WL 5891693, at *4 (D. Minn. Nov. 28, 2017) (approving as reasonable 15.2 hours expended); *Kuntz v. Messerli & Kramer P.A.*, No. 16-CV-2676 (JNE/BRT), 2017 WL 3332222, at *2 (D. Minn. Aug. 4, 2017) (approving as reasonable 22 hours expended after reducing claimed hours by 70 percent to eliminate excessive time); Iverson v. Greystone All., LLC, No. 14-1027 (ADM/HB), 2015 WL 4635840, at *3 (D. Minn. Aug. 4, 2015) (approving as reasonable 20 hours expended).

*Id*. at *4. Accordingly, the 49.25 hours was reduced by fifty percent to correspond with the other FDCPA cases settled at the pleading stage where the court "approved reasonable attorneys' fees based on an expenditure of 22 hours or fewer". *Id*. at *4-5.

Here, such a reduction is complicated by the fact that the billing records are not separated between HWM and Connexus and the fact that the Connexus mortgage – and the fees related to that issue – remains an outstanding issue not before this Court. Certainly, no more than 22 hours should be allowed between counsel for Mr. Major and appropriately split between attorney, paralegal and law clerk time.

### C. THE ATTORNEY HOURLY RATES ARE NOT REASONABLE.

From 2016 to 2024, Attorney Carl Christensen's rate has increased from $275.00

per hour to $550.00 per hour. (Goerlitz Decl. ¶ 6, Ex. 3). Over the course of eight years, the rate has doubled. (*See id*.) Meanwhile, counsel for HWM's rate has increased from $225.00 per hour to $340.00 per hour. (*Id*. at ¶¶ 3 and 6). Over the course of eight years, the rate has increased by fifty-one percent. (*See id*.) Both attorneys have comparable skills, experience and reputation, but one attorney's rates have drastically increased versus another. (*See, e.g, id*. at ¶¶ 2-3).

The reason for this stems from a misconception regarding attorney fee rates generally adopted for lawyers in the Twin Cities area. Clio is a cloud-based case management system that tracks the hourly rate data from tens of thousands of legal professionals using Clio. *See* https://www.clio.com/resources/legal-trends/compare-lawyer-rates/mn/ It aggregates and anonymizes hourly rate information on an annual basis and issues a legal trends report based upon its data. *Id*. It reviews hourly rate realization rates (the amount of time spent by attorney's that is billable versus nonbillable) and hourly effective rates (based upon the percentage of time paid by clients). Hourly realization rates and effective rates are issues that should be considered by the Court when it determines hourly rates. For example, the billing from counsel for Mr. Major appears to bill all of its time – i.e. one-hundred percent realization – while lawyers have a much smaller realization rate because some of its time cannot be appropriately billed to clients.

Also, based upon this information, "[l]awyers in Minnesota typically charge between $137 and $537 per hour, with the average being $271." *Id*. Attorney Carl Christensen exceeds the highest rate and the other attorney's rates similarly exceed the rates

of attorneys in Minnesota.

In addition, Clio provides the average hourly rates over the last five years, which show how rates have increased or decreased. *Id*. The information is as follows:

## Lawyer Hourly Rate/Adjusted Hourly Rate

| *Legal Trends Report* | Hourly Rates for Lawyers | Adjusted Hourly Rates for Lawyers |
|---|---|---|
| 2023 *Legal Trends Report* | $271 | $276 |
| 2022 *Legal Trends Report* | $274 | $281 |
| 2021 *Legal Trends Report* | $275 | $282 |
| 2020 *Legal Trends Report* | $264 | $271 |
| 2019 *Legal Trends Report* | $251 | $257 |

*Id*. Over the last five years, Clio has not shown dramatic increases in the average hourly rate. Counsel for Mr. Major made significant increases in its rates from 2023 to 2024 not comparative to Clio's average increases.

Although HWM recognizes that other Courts have approved Mr. Major's counsel for certain lodestar hourly rates, it encourages this Court to re-evaluate such rates. Counsel for HWM's hourly rate should not be increasing fifty-one percent while the rate for Attorney Carl Christensen has doubled. Corresponding reductions should be made to the other attorneys for Mr. Major.

### D. THE TOTAL NUMBER OF HOURS ARE UNAPPORTIONED, NOT REASONABLE AND EXCESSIVE.

**1. Research, Conferring and Drafting of Complaint**

HWM objects to the amount of time counsel spent conducting research, conferring

between counsel and drafting the complaint. When awarding attorneys' fees, "district courts must be mindful of both redundant and excessive hours." *Orduno*, 932 F.3d at 720 (internal quotation marks omitted). Here, excessive amounts to time have been spent on research, conferring and drafting, and redrafting, the complaint

For just drafting the complaint, Mr. Major's counsel spent 36.8 hours totaling $14,357.50 in attorney fees.

**Total Fees on Research and Drafting the Complaint:**

| Description | Hours | Amount |
|---|---|---|
| **Attorney Carl E. Christensen** | 4.6 | $2,420.00 |
| **Attorney Carl Christensen - non-lodestar hourly basis** | .40 | $200.00 |
| **Attorney Christopher Wilcox** | 2.1 | $892.50 |
| **Attorney Ryan Supple** | 21.40 | $7,940.00 |
| **Attorney Ryan Supple - non-lodestar hourly basis** | 8.3 | $2,905.00 |
| **TOTAL** | 36.80 | $14,357.50 |

(Goerlitz Decl. ¶ 7; Ex. 4). Notably, when you break it down further, Mr. Major's counsel drafted the complaint on two different occasions more than doubling the time:

**11/9/2023-12/8/23 on Research and Drafting the Complaint:**

| Description | Hours | Amount |
|---|---|---|
| **Attorney Carl E. Christensen** | 2.2 | $1,100.00 |
| **Attorney Ryan Supple** | 11.7 | $4,095.00 |
| **TOTAL** | 13.9 | $5,195.00 |

**4/16/2023-5/24/2023 on Research and Drafting the Complaint:**

| Description | Hours | Amount |
|---|---|---|
| **Attorney Carl E. Christensen** | 2.4 | $2,420.00 |
| **Attorney Carl Christensen - non-lodestar hourly basis** | .40 | $200.00 |
| **Attorney Christopher Wilcox** | 2.1 | $892.50 |

| Attorney Ryan Supple | 9.7 | $3,845.00 |
| --- | --- | --- |
| Attorney Ryan Supple - non-lodestar hourly basis | 8.3 | $2,905.00 |
| **TOTAL** | 22.9 | $9,452.5 |

(*See id*.) The billing details are vague on what exactly was changed and/or added and the need to drastically revise the complaint. Importantly, <u>after</u> the complaint was filed on May 21, 2024, all three attorneys continued to bill time totaling 11.4 hours and $5,182.50 reviewing information to draft the complaint and drafting the complaint. (*Id*. at ¶ 7; Ex. 5). No explanation is provided for incurring such fees <u>after</u> the filing of the complaint and incurrence of such fees are illogical.

   2. **Multiple Billing**

Counsel for Mr. Major has made no attempt to exercise any "billing judgement" with respect to the fees and costs incurred. "In Hensley, Justice Powell explained that it is incumbent upon attorneys to exercise 'billing judgment' with respect to hours worked:

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. 'In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.'

*U.S. ex rel. Thompson v. Walgreen Co.*, 621 F. Supp. 2d 710, 715 (D. Minn. 2009) (*citing Hensley*, 461 U.S. at 434, 103 S.Ct. 1933). Here, the billing records appear to include significant redundancy and/or duplication. HWM has located time entries totaling 15.9 hours and $6,885.00 for redundant and duplicative work. (Goerlitz Decl. ¶ 7; Ex. 6). Counsel for Mr. Major has made no attempt to address "billing judgment" for such work.

12

Also, counsel for Mr. Major spent a considerable amount of time meeting and conferring about the case, which are included within various billing entries. References to internal conversations are included in numerous billing entries that total 16 hours and $6,632.50. (*Id*. at ¶ 7; Ex. 7). Again, not attempt has been made to exercise "billing judgment" for such time.

In sum, instead of addressing "billing judgment" as they should, Mr. Major has put all that responsibility upon HWM and the Court to decipher the attorney's fees and requested it be awarded everything.

### 3. Work Done on Unrelated Claims involving Connexus.

Counsel for Mr. Major also fails to account for any time incurred that directly relates to his ongoing issue with the Connexus mortgage not before this Court. "Where a plaintiff fails to prevail on a claim that is distinct in all respects from his successful claim, 'the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.'" *U.S. ex rel. Thompson*, 621 F. Supp. 2d at 716 (*citing Hensley*, 461 U.S. at 440, 103 S.Ct. 1933). Claims are related when based on related legal theories. *Id*. at 435, 103 S.Ct. 1933. *See also Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir.1997) (en banc). Although the FDCPA claims against HWM and the validity of the Connexus mortgage are somewhat related, they involve completely different legal theories and issues. As specifically set forth in counsel for HWM's declaration, 28.6 hours totaling $10,822.06 were incurred directly related to Connexus. (Goerlitz Decl. ¶ 7; Ex. 8). Mr. Major's issues with the Connexus mortgage and his claims against Connexus remain. HWM should not

13

be responsible for those fees.

### 4. The Attorney Fees for Filing this Motion Should Not be Granted.

Mr. Major seeks reimbursement for the attorneys' fees incurred in bringing the instant motion. Such compensation is permissible. *See Bankey v. Phillips & Burns, LLC*, No. 07-cv-2200 (DWF/RLE), 2008 WL 2405773, at *3 (D. Minn. June 11, 2008) (including reasonable portion of fees incurred in preparing fee petition in award of FDCPA attorneys' fees). After the Rule 68 Offer was accepted, Mr. Major's counsel increased its attorney's fees $16,658.50 – one hundred fifty-six percent. For the motion, law clerk Sydney Maglio spent 16.2 hours totaling $2,349.00 and Attorney Carl Christensen spent 11 hours totaling $6,050.00 – a total of $8,399.00. (Goerlitz Decl. ¶ 7; Ex. 9). Like here, when spending such an extraordinary amount of time on a fee petition, and after not providing the detailed billing records to allow for meaningful settlement discussions, the Court in *Olson v. Messerli & Kramer, P.A.*, 07-CV-0439 PJS/RLE, 2008 WL 1699605, at *3 (D. Minn. Apr. 9, 2008) did not award any fees for the attorney fee motion. The Court should not grant the attorney's fees incurred for this motion.

### **CONCLUSION**

For the reasons stated above, the Court should reduce Mr. Major's claim for attorney fees under the lodestar analysis.

**GOERLITZ LAW, PLLC**

Date: <u>August 29, 2024</u>    By:  <u>/s/ Jared M. Goerlitz</u>
                                                 Jared M. Goerlitz (#386714)
                                                 *jgoerlitz@goerlitzlaw.com*
                                                 P.O. Box 25194
                                                 7595 Currell Blvd
                                                 St. Paul, MN 55125
                                                 Phone: (651) 237-3494
                                                 *Attorney for Defendant Halliday Watkins & Mann P.C.*